## ACHILLES, The, (McCLOSKEY v.)

[See McCloskey v. The Achilles, Case No. 8,701.]

## ACHSAH, The, (ORR v.)

[See Orr v. The Achsah, Case No. 10,586.]

## ACKER, (MARTIN v.)

[See Martin v. Acker, Case No. 9,155.]

## Case No. 26.

### ACKER v. The RAINBOW.

[4 Amer. Law J. (N. S.) 332; 14 Law Rep. 450.]

District Court, S. D. New York. Oct. 11, 1851.

COLLISION — BETWEEN STEAMER AND VESSEL AT ANCHOR—SPEED OF STEAMER — LOOKOUT—NARROW PASSAGE.

1. The sloop Transport, owned by the libellant, [Samuel Acker,] was anchored in the night-time, near the mouth of Newark bay, and about one hundred and fifty yards from the Staten Island shore. The Rainbow, proceeding from Amboy to New York on a flood tide, with several barges in tow, came in collision with the sloop at about three o'clock. A. M., the 18th of Aug. 1850, and caused serious injuries to her. The evidence was conflicting as to the exact position of the sloop, and also as to the fact of her having a light suspended conspicuously, and burning at the time: although, on these points, the direct and positive evidence from the sloop must outweigh the negative evidence from the steamer. The master and pilot were in the wheel-house of the steamer, directing her navigation, and two men were on the deck, but no one was stationed forward as a look-out. The sky was clear above, and it was moonlight, but there was a haze or fog on the water, preventing the pilot of the steamer seeing the sloop until within about one hundred feet of her. He then endeavored to avoid her by stopping and backing his engine. The steamer was running about six knots by the land, close in to the right bank of the sound, and ported her helm to go inside of the sloop. Held, that the steamer was guilty of three faults in her navigation: First, in keeping up so great a speed in that narrow passage, as to be unable to stop and get out of the way of a vessel at anchor, when first in sight of her; second, by attempting to go inshore of her, there being a safe passage outside; and third, especially in running without a look-out stationed on the deck and forward part of the boat. Decree, that the steamer be condemned in the damages sustained by the sloop, and an order of reference to ascertain those damages.

[2. Cited in The J. W. Everman, Case No. 7,591, as to the insufficiency of the look-out.]

[NOTE. Nowhere more fully reported; opinion not now accessible.]